# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ARNOLD ANDERSON,

    *Petitioner*,

vs.

JACK PALMER, *et al.,*

    *Respondents*.

3:11-cv-00783-LRH-WGC

ORDER

    Petitioner has submitted an application (#1) to proceed *in forma pauperis* and a habeas petition.

    The matter has not been properly commenced because the pauper application does not include all required attachments. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2, a petitioner must attach both an inmate account statement for the past six months and a properly executed financial certificate. Petitioner did not attach an inmate account statement for the past six months. The financial certificate presented is from a state form rather than the Court's required form, and it does not include the information required by the Court's required form. The application therefore further is incomplete.

    The application therefore will be denied, and the present action will be dismissed without prejudice to the filing of a new petition in a new action with a pauper application on the proper form with all required attachments.

    It does not appear from the papers presented that a dismissal without prejudice will materially affect a later analysis of any timeliness issue with regard to a promptly filed new action. The "N/A," or "not applicable," responses to the exhaustion inquiries in the petition form further reflect that the single Eighth Amendment claim presented in the federal petition has not been exhausted in the state

courts. A petitioner must first fairly present and exhaust all federal constitutional claims raised on federal habeas review in the state courts.[1]

---

[1] With regard to timeliness and exhaustion, the papers on file, the online docket records of the state courts, and the record on petitioner's prior federal petition in No. 2:07-cv-01420-RCJ-LRL reflect that the extensive state court procedural history includes the following.

Petitioner was convicted following a jury trial of multiple counts of burglary, forgery, theft, and obtaining and using the personal identification of another. The judgment of conviction was affirmed on direct appeal in No. 45014 on December 23, 2005. The time for seeking a petition for a writ of *certiorari* expired on March 23, 2006.

Petitioner filed a first state post-conviction petition on February 16, 2006, prior to the expiration of the time for seeking *certiorari* review. The petition was denied on the merits on May 3, 2006. Petitioner did not appeal from the denial of the petition, and time for doing so expired on or about June 2, 2006.

Approximately three months and 18 days later, on or about September 20, 2006, petitioner filed a second state petition. The Supreme Court of Nevada affirmed the dismissal of this petition on the basis that it was successive in No. 48576. The remittitur issued on August 14, 2007.

Meanwhile, prior to the issuance of the remittitur in No. 48576, on or about August 3, 2007, petitioner filed an original petition for a writ of mandamus in the Supreme Court of Nevada. The state supreme court denied the petition in No. 49951, and the remittitur issued on October 5, 2007.

Meanwhile, prior to the issuance of the remittitur in No. 49951, on or about October 3, 2007, petitioner filed a "motion to compel prison to fix [judgment of conviction]" in the state district court. The state supreme court affirmed the denial of this motion in No. 50435. The remittitur issued on May 6, 2008.

Meanwhile, prior to the issuance of the remittitur in No. 50435, on or about November 9, 2007, petitioner filed a motion to clarify judgment of conviction. The state district court denied the motion on March 07, 2008. The Supreme Court of Nevada dismissed petitioner's appeal from the denial of the order in No. 51264 on the basis that there was no right to appeal from the denial of the motion in question. The remittitur issued on May 13, 2008.

Meanwhile, on or about March 24, 2008, petitioner filed a third state post-conviction petition in state district court. The Supreme Court of Nevada affirmed the dismissal of this petition on the basis that petitioner's claim was barred by the doctrine of the law of the case, in No. 51819. The remittitur issued on December 19, 2008.

More than two years later, on February 3, 2011, petitioner filed what was at least a fourth state post-conviction petition in the state district court. He presented, *inter alia*, what was at least a state law claim alleging that the state corrections department was improperly computing his sentence. The Supreme Court of Nevada affirmed the dismissal of the petition on the merits, in No. 57762. The remittitur issued on October 11, 2011.

From the foregoing it would appear that the federal limitation period on any challenge to the judgment of conviction and sentence, unless otherwise tolled, long since has expired. It does not appear from the available records that the federal limitations period necessarily has expired as to any exhausted federal constitutional claim challenging the computation of petitioner's sentence. From the foregoing procedural history, it thus does not appear that a dismissal of the present petition without prejudice will materially affect an analysis of any timeliness or exhaustion issue as to a promptly filed later petition. Nor does it appear from the available records that a dismissal of this improperly commenced action without prejudice necessarily will be with prejudice in effect.. Petitioner at all times remains

(continued...)

1    IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis* is
2 DENIED and that this action shall be DISMISSED without prejudice to the filing of a new petition in
3 a new action with a properly completed pauper application.
4    IT FURTHER IS ORDERED that a certificate of appealability is DENIED, as jurists of reason
5 would not find the Court's dismissal of this improperly commenced action without prejudice to be
6 debatable or incorrect.
7    IT FURTHER IS ORDERED that the Clerk shall send petitioner two copies each of an
8 application form to proceed *in forma pauperis* for incarcerated persons and a noncapital Section 2254
9 habeas petition form, one copy of the instructions for each form, and a copy of the papers that he
10 submitted in this action.
11    The Clerk of Court shall enter final judgment accordingly in favor of respondents and against
12 petitioner, dismissing this action without prejudice.
13    DATED this 1st day of November, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[1](...continued)
responsible for properly exhausting his claims, for calculating the running of the federal limitation period as applied to his case, and for properly commencing a timely-filed federal habeas action.

-3-